SIEFKEN v. ERIE R. CO.

(Supreme Court, Special Term, Orange County. January 2, 1908.)

1. ACTIONS—JOINDER OF CAUSES—COUNTS AT COMMON LAW AND UNDER STAT-
   UTE.
       Under Code Civ. Proc. § 484, permitting a plaintiff to join in the same
   complaint two or more causes of action arising out of the same transaction,
   a count under the common law for personal injuries, alleging negligence
   of defendant and freedom from contributory negligence, was properly join-
   ed with a count under the federal statute relating to the liability of com-
   mon carriers engaged in interstate commerce, under which it is unneces-
   sary to plead and prove freedom from contributory negligence, and the
   causes are not inconsistent merely because more proof is required in the
   one instance than in the other.

2. SAME—INCONSISTENT CAUSES.
       Causes of action, to be inconsistent, must be intrinsically discrepant and
   logically contradictory.
       [Ed. Note.—For other definitions, see Words and Phrases, vol. 4, p.
   3511.]

Action by John L. Siefken, by his guardian ad litem, against the
Erie Railroad Company. On demurrer to complaint. Demurrer over-
ruled.

Watts & Cox, for plaintiff.
Bacon & Merritt, for defendant.

TOMPKINS, J.   This action is brought to recover damages for
personal injuries growing out of the alleged negligence of the defend-
ant.   The complaint alleges two causes of action.   The first is at com-
mon law, alleging the defendant's negligence and the plaintiff's free-
dom from contributory negligence.   The second is under the act of
the Congress of the United States of America entitled "An act relat-
ing to liability of common carriers in the District of Columbia and ter-
ritories, and common carriers engaged in commerce between the
states, and between the states and foreign nations, to their employés"
(Act June 11, 1906, c. 3073, 34 Stat. 232 [U. S. Comp. St. Supp.
1907, p. 891]), and alleges that at the time of the accident the defend-
ant was engaged as a common carrier in interstate commerce between
the states of New York and New Jersey and elsewhere, and then al-
leges the negligence of the defendant and that the plaintiff's injuries
were received by reason of the negligence of the defendant and its
officers, agents, and employés, and contains no allegation of the plain-
tiff's freedom from contributory negligence.   Under the federal stat-
ute in question it is not necessary to allege or prove the plaintiff's free-
dom from contributory negligence.   The demurrer is upon the ground
that the two causes of action are improperly united, in that they are
inconsistent with each other; and the defendant's argument is that,
inasmuch as proof of the absence of negligence on plaintiff's part con-
tributing to the accident is essential to the first cause of action and is
not necessary to the second, the causes of action are inconsistent with
each other.

The complaint alleges two distinct and separate causes of action,
each complete and perfect in itself, and both growing out of the same

occurrence and involving the same parties. It does not seem to me that causes of action are necessarily inconsistent with each other because more evidence is required to make out one than is necessary to establish the other, or because what would be sufficient to justify a verdict upon the one would be insufficient upon the other; and that seems to be the only difference between these causes of action. One may be made without proof on plaintiff's part of his freedom from contributory negligence, while the other will require affirmative proof of due care on plaintiff's part. It does not seem to me that such a difference in the character of the testimony that is required to make out these causes of action makes them inconsistent with each other, within the meaning of section 484 of the Code of Civil Procedure. On the contrary, I think that it appears upon the face of the complaint that the causes of action are consistent with each other. Causes of action, to be inconsistent with each other, must be intrinsically and inherently discrepant, inharmonious, and logically incompatible with and contradictory to each other. These two causes of action do not seem to me to be any more incompatible or contradictory than are causes of action at common law and under the New York state employer's liability act, which have been held by our courts to be properly united in one complaint. In such a case more and different evidence is required to make out a cause of action under the employer's liability act than is necessary under the common-law cause of action. Under the former service of a proper notice within a given time must be proven, which is unnecessary under the latter.

My conclusion is that the causes of action are properly united, and that the demurrer should be overruled, with costs, with permission to the defendant to answer within 20 days upon payment of the costs.